**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| CHARLES HARTSELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 1:09-cv-357-LJM-DML |
| | ) | |
| BRENT MIZE, Superintendent, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Discussing Motions for Summary Judgment**

The Prison Litigation Reform Act ("PLRA") requires that a prisoner such as plaintiff Charles Hartsell in this civil rights action exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). Hartsell claims that he has suffered medical problems because of his exposure to the insect repellant in his dormitory at the Pendleton Correctional Facility. Defendants Brent Mize, Rick Shannon, Lorrie Johnson, Lieutenant Leavell, and Correctional Officer Gibbs (the State defendants) and defendants Teresa Gonzalez and Michelle Harris (the medical defendants) filed motions for summary judgment (dkt 35 and 28 respectively) based on their arguments that Hartsell failed to exhaust available administrative remedies as required by the PLRA prior to filing this lawsuit.

The defendants' motions for summary judgment, as with any, must be granted if "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Scott v. Edinburg,* 346 F.3d 752, 755 (7th Cir. 2003) (quoting **FED.R.CIV.P.** 56(c) and citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986)).

The failure to exhaust as required by the PLRA is an affirmative defense and it is a defendant's burden to prove that a prisoner has not exhausted available administrative remedies. *See Jones v. Bock,* 127 S. Ct. 910, 921 (2007); *Conyers v. Abitz,* 416 F.3d 580, 584 (7th Cir. 2005). A remedy is available "so long as the administrative authority has the ability to take some action in response to the complaint (even if not the requested action), an administrative remedy is still 'available' under the PLRA." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (citing *Booth v. Churner*, 532 U.S. 731, 741 (2001); *Larkin v. Galloway*, 266 F.3d 718, 723 (7th Cir. 2001)).

The evidentiary record developed in connection with the motions for summary judgment, construed in the manner most favorable to Harstell as the non-movant, shows the following:

!   At the time of acts at issue in this case, there was a grievance policy in place at Pendleton. The grievance policy provides that when an inmate files a grievance, the Executive Assistant, who is in charge of the grievance process, is to investigate the grievance and draft a response. Upon receipt of the response from the Executive Assistant, the inmate may appeal the grievance if he disagrees with the response. An appeal must be filed within 10 working days from the date of receipt of the grievance response. "The original grievance, the grievance response and any other information submitted with the original grievance must be included with the appeal." In the event an inmate does not receive a response to his grievance, the grievance policy provides that he is entitled to move to the next stage of the process.

!   Hartsell filed a grievance regarding his exposure to the insect spray on February 9, 2009. In response, the grievance officer spoke to Hartsell and provided Hartsell the names of the people responsible for allowing the dormitory to be sprayed. This response was also made on February 9, 2009. This is the information Hartsell had requested in his grievance. Having achieved the remedy he sought in his grievance, although no formal response was provided, no "appeal" from this response was pursued, and Hartsell filed this lawsuit on March 23, 2009.

Because the defendants have failed to show that there was a further remedy available to Hartsell through the administrative remedy process, his failure to appeal was not a failure to exhaust. "The sole objective of § 1997e(a) is to permit the prison's administrative process to run its course before litigation begins." *Dole,* 438 F.3d at 809. The evidentiary record shows that the grievance record had run its course once prison authorities had made their response to Hartsell's grievance.

The motions for summary judgment of both the State defendants (dkt 35) and the medical defendants (dkt 28) are **denied.** The stay imposed on July 16, 2009, is **terminated.**

**IT IS SO ORDERED.**

Date: 01/26/2010

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

James F. Bleeke
SWEETIN & BLEEKE PC
jim@sweetinbleeke.com

Kathy Jo Bradley
OFFICE OF THE INDIANA ATTORNEY GENERAL
kathy.bradley@atg.in.gov

Jeb Adam Crandall
SWEETIN & BLEEKE PC
jeb@sweetinbleeke.com

Corinne T.W. Gilchrist
OFFICE OF THE INDIANA ATTORNEY GENERAL
corinne.gilchrist@atg.in.gov

Brandon G. Milster
SWEETIN & BLEEKE, P.C.
brandon@sweetinbleeke.com

Charles Hartsell
DOC #884726
New Castle Correctional Facility
1000 Van Nuys Rd.
New Castle, IN  47362